David Raymond ANDREWS,
Plaintiff–Appellant,

v.

J. EVERT, Library Technical Asst.; et al., Defendants–Appellees.

No. 11–17520.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2012.*

Filed Jan. 2, 2013.

David Raymond Andrews, pro se.

Matthew Roman, John Randall Andrada, Esquire, Andrada & Associates Professional Corporation, Oakland, CA, for Defendants–Appellees.

Before: GOODWIN, WALLACE, and FISHER, Circuit Judges.

MEMORANDUM **

David Raymond Andrews, a California state prisoner, appeals pro se from the district court's summary judgment and dismissal order in his 42 U.S.C. § 1983 action alleging that defendants placed him in restraints because of his race and conspired to deny him access to the courts. We have jurisdiction under 28 U.S.C.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

§ 1291. We review de novo summary judgment, *Toguchi v. Chung,* 391 F.3d 1051, 1056 (9th Cir.2004), and dismissal for failure to exhaust administrative remedies, *Wyatt v. Terhune,* 315 F.3d 1108, 1117 (9th Cir.2003). We affirm.

The district court properly granted summary judgment on Andrews's access-to-courts claim based on the alleged withholding of his certificate of funds because Andrews failed to raise a genuine dispute of material fact as to whether he suffered an actual injury as a result of the policy prohibiting personal possession of certified documents. *See Lewis v. Casey,* 518 U.S. 343, 348–49, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996) (actual injury for access-to-courts claim requires showing that defendants hindered a non-frivolous legal claim).

The district court properly dismissed Andrews's equal protection claim because Andrews failed to exhaust administrative remedies in a proper manner. *See Woodford v. Ngo,* 548 U.S. 81, 85, 93–95, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (holding that "proper exhaustion" is mandatory and requires adherence to administrative procedural rules); *Sapp v. Kimbrell,* 623 F.3d 813, 825 (9th Cir.2010) ("[A]n inmate must first present a complaint at the first level of the administrative process."); *Griffin v. Arpaio,* 557 F.3d 1117, 1120–21 (9th Cir. 2009) (an inmate's grievance must " 'provide enough information ... to allow prison officials to take appropriate responsive measures' " (citation omitted)).

**AFFIRMED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.